## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN RAMOS,
an individual,

                                         Case No.:

      Plaintiff,

v.

TRANS UNION LLC,
a foreign limited liability company,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, BRIAN RAMOS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, TRANS UNION LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant continued to incorrectly report Plaintiff as 30 days past due after Plaintiff repeatedly advised that such account was not past due, and after Plaintiff provided information to Defendant proving the same, upon which Defendant previously deleted the inaccurate information before erroneously reinserting the inaccuracies.

## JURISDICTION, VENUE & PARTIES

2.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3.     Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

4.     Venue is proper in this District as the acts and transactions described herein occur in this District.

5.     At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6.     At all material times herein, Defendant is a foreign limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 55 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

7.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

8.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

*Id.* at § e(b) (emphasis added).

9.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

10.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

11.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

12.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by

the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

13.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

14.    At all material times herein, Plaintiff's credit reports and credit files as maintained by Defendant did not contain any other negative, derogatory, or adverse tradeline accounts other than the alleged consumer loan furnished by Branch B&T d/b/a Truist Bank and referenced by account number 4616********* (hereinafter, the "Alleged Debt" or the "Account").

15.    At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

16.    At all material times herein, Defendant acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17.    All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

## CREATION OF THE DEBT

18.    In or around February 2021, Plaintiff opened the Account with Truist.

19.    As part of the contractual terms of the Account, Truist was supposed to auto-debit Plaintiff's checking account monthly in order to make payment on the Account.

20.    Despite this, Truist did not correctly set up the auto-debit on Plaintiff's checking account.

21.    As a result, in July 2021, payment was not made on Plaintiff's Account resulting in a $27 past due amount and a 30-day late payment mark on Plaintiff's credit reports.

## PLAINTIFF'S DISPUTE TO DEFENDANT REGARDING THE ACCOUNT AND DEFENDANT'S DISPUTE RESPONSES

22.    In July 2021, Plaintiff discovered that Truist reported this Account as late and past due.

23.    As such, Plaintiff submitted an online dispute to Defendant in or around

August 2021 (hereinafter, "First Dispute").

24.    Defendant received Plaintiff's First Dispute.

25.    In response, Defendant verified the debt as accurate and continued reporting the Account on Plaintiff's credit report.

26.    On or about November 24, 2021, Plaintiff sent a letter to Defendant disputing Defendant's reporting of the Account (hereinafter, "Second Dispute").

27.    Plaintiff enclosed a letter from Truist (hereinafter, "Truist Letter") which proved he was not past due or 30 days late on this account.  A true and correct copy of the Truist Letter is attached as **Exhibit A.**

28.    On or about December 31, 2021, Defendant deleted the Account in response to Plaintiff's Second Dispute.

29.    On May 4, 2022, despite having properly deleted the inaccurate information from Plaintiff's credit report, Defendant sent a follow-up response to Plaintiff, advising him that they had verified the Account and subsequently reinserted it onto his credit report.

## **DAMAGES**

30.    As a result of Defendant's reinsertion and reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that despite having already proven the illegitimacy of the Alleged Debt reflected on the Account and despite being given the relief owed to him, he will be denied credit as

a result of the erroneous and incorrect reinstated reporting of the Account reflecting the Alleged Debt asserted as owed by Truist if he needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

31.     Overall, Plaintiff suffered damage to his otherwise pristine credit reputation as a result of Defendant's conduct.

32.     Plaintiff retained Swift, Isringhaus & Dubbeld, P.A. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

33.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

34.     As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and revived reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

7

35.    Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendant that he was not past due on the Account including supplying Defendant with supporting documentation, Plaintiff must simply endure Defendant's reporting of the Account.

### COUNT ONE
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

36.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37.    Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

38.    Specifically, despite Plaintiff advising Defendant that Plaintiff was not past due— Defendant continued to report the Account following Plaintiff's First Dispute as 30-days past due, which resulted in a derogatory, negative, or adverse

8

account in Plaintiff's credit reports and credit files.

39.     Further, Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his credit reports and credit file.

40.     Such reporting of the Account is false and evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

41.     As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

42.     Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

43.     Defendant's violations of 15 United States Code Section 1681e(b),

constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

44.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files following his First Dispute.

45.    Specifically, Defendant willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's following his First Dispute, as described herein.

46.    Defendant did not request any documents from Truist corroborating information furnished and verified by Truist to Defendant regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

47.    As such, Defendant's re-investigations were not conducted in such a

way as to assure whether information regarding Plaintiff and the Account was inaccurate and failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

48.    Such reporting is false and evidences Defendant's failure to conduct reasonable re-investigations of Plaintiff's First Dispute.

49.    Defendant's reinvestigations of Plaintiff's First Dispute were not conducted reasonably.

50.    Defendant's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by Truist.

51.    Defendant's reinvestigations of Plaintiff's disputes were not conducted in good faith.

52.    Defendant's reinvestigation procedures are unreasonable.

53.    Defendant's re-investigations of Plaintiff's First Dispute were not conducted using all information reasonably available to Defendant.

54.    Defendant's reinvestigations were *per se* deficient by reason of these failures in Defendant's reinvestigations of Plaintiff's First Dispute and the Account.

55.    As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, he did not wish to further damage his credit score with

futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

56.    Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

57.    Defendant's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**

Plaintiff re-alleges paragraph one (1) through thirty-five (35) as if fully restated herein and further states as follows:

58.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's First Dispute, including all relevant attachments.

59.    Specifically, despite Defendant receiving Plaintiff's First Dispute—Defendant *continued* to report the Account with derogatory, late payment

information, causing the Account to be reported as a derogatory, negative, or adverse account.

60.    Defendant's failure to review and consider all information received in Plaintiff's First Dispute was done in bad faith.

61.    As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

62.    Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

63.    Defendant's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

64.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

65.    Specifically, despite Defendant receiving Plaintiff's First Dispute— Defendant did not delete the Account from Plaintiff's credit reports and credit files.

66.    Instead, Defendant continued to report the Account in Plaintiff's credit reports and files as belonging to Plaintiff with late payment information regarding the Account.

67.    In addition, after properly deleting the inaccurate information following Plaintiff's Second Dispute, Defendant reinserted the information five months later after purportedly verifying it as accurate.

68.    As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer

14

reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

69.    Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

70.    Defendant's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendant for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorney's fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Jon P. Dubbeld*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*